# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 22, 2017
PUBLISHED

```
* * * * * * * * * * * * * * * * * *
GRZEGORZ RUS and AGNIESZKA,        *      No. 12-631V
RUS, as parents and natural guardians *
of A.R.,                           *
                  Petitioner,      *      Special Master Gowen
v.                                 *
                                   *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH                *      Petitioner's Costs;
AND HUMAN SERVICES,                *      Special Master's Discretion;
                                   *      Travel Time; Expert Travel
                  Respondent.      *      Expenses
* * * * * * * * * * * * * * * * * *
```

Kate G. Westad, Larkin Hoffman, et al., Ltd., PA, Minneapolis, MN, for petitioners.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 25, 2012, Grzegorz and Agnieszka Rus ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"), on behalf of their minor child, A.R. Petition (ECF No. 1). Petitioners alleged that A.R. developed nephrotic syndrome as a result of a Hepatitis A vaccine administered on October 30, 2009. Petition at ¶1. An entitlement hearing was held in Washington, D.C. on September 17, 2017. On June 23, 2016, I issued a decision denying compensation to petitioner. Decision dated June 23, 2016 (ECF No. 85).

On June 7, 2017, petitioners filed a motion for attorneys' fees and costs ("Motion"). ECF No. 96. After a review of the motion, I identified several issues and asked petitioners to file a supplement to their motion in order to resolve those issues. Petitioners then filed an amended motion for attorneys' fees and costs ("Am. Motion") on July 18, 2017. ECF No. 98. I was still

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unable to determine how some of the expenses for which counsel was billing were related to the case and noted that appropriate receipts and invoices had not been attached for all of the expenses, so I ordered petitioners' counsel to file detailed invoices of her expenses, especially those related to travel for the hearing held on September 17, 2015. Petitioners filed a status report with an amended list of expenses on August 15, 2017, and explained that some expenses had accidentally been included which were not related to this case. Status Report dated Aug. 15, 2017 ("Status Report") (ECF No. 100).

Petitioners' request for attorneys' fees and costs was complicated by the fact that their counsel changed law firms during the pendency of this matter, and thus her billing logs and lists of expenses were split between two law firms.[3] In their original motion, petitioners requested $97,412.50 in attorneys' fees, representing $76,292.50 billed to their counsel's former law firm, Lommen Abdo, and $21,120.00 billed to their counsel's current law firm, Larkin Hoffman. Motion at 1. This request was increased to $99,047.50 in their amended motion, representing $75,417.50 billed to Lommen Abdo and $23,630.00 billed to Larkin Hoffman, which included attorneys' fees related to drafting and filing the amended motion. Am. Motion at 2; *see also* Am. Motion, Exhibit D at 2.

Petitioners also made adjustments to their requests for reimbursement of costs over the course of their filings. In both their original motion and amended motion, petitioners requested $27,790.22 in costs, representing $27,764.03 incurred by counsel at Lommen Abdo, and $26.19 incurred by counsel at Larkin Hoffman.[4] Motion at 1; Am. Motion at 2. After petitioners' counsel removed erroneous charges and other unreimbursable charges from her request and filed an amended list of expenses, the amount requested for reimbursement of costs was reduced to $25,262.61, representing $25,236.42 incurred by counsel at Lommen Abdo and $26.19 incurred by counsel at Larkin Hoffman. Status Report, Exhibit A at 17; Am. Motion at 2.

The adjustments to the totals requested for attorneys' fees and costs are represented below:

|  | **Total Fees** | Lommen Abdo Fees | Larkin Hoffman Fees | **Total Costs** | Lommen Abdo Costs | Larkin Hoffman Fees |
|---|---|---|---|---|---|---|
| Original Motion | **$97,412.50** | $76,292.50 | $21,120.00 | **$27,790.22** | $27,764.03 | $26.19 |
| Amended Motion | **$99,047.50** | $75,417.50 | $23,630.00 | **$27,790.22** | $27,764.03 | $26.19 |
| Status Report | --- | --- | --- | **$25,262.61** | $25,236.42 | --- |

---

[3] Counsel notes that she changed law firms as of April 11, 2016. Motion at 1.

[4] As explained below, though petitioners did request an increase of $2,367.72 for expert travel expenses in their amended motion, that amount was already included in the total request for costs as part of the $8,417.72 billed as an expert review fee in both of their motions, so the increase in expert travel expenses was not reflected as an increase in total costs.

After the numerous adjustments described above, petitioners' final request includes attorneys' fees in the amount of $99,047.50[5] and costs in the amount of $25,262.61,[6] for a total request of $124,310.11. In accordance with General Order #9, petitioners' counsel also represents that petitioners incurred $630.00 in out-of-pocket expenses. Motion at 2.

On June 26, 2017, respondent filed a response to petitioners' motion. Respondent's Response (ECF No. 97). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioners have not filed a reply. This matter is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but otherwise establishes that the petition was filed in good faith and with a reasonable basis. 42 U.S.C. § 300aa-15(e) (1). I find no cause to doubt the good faith or reasonable basis of bringing this claim, which, even though not successful, was supported by competent expert testimony at hearing. As respondent has also not objected to the good faith or reasonable basis of this claim, I find that petitioners are entitled to an award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters may increase or reduce the initial fee award calculation based on specific findings. *Avera,* 515 F.3d at 1348.

---

[5] Am. Motion at 2. This amount represents $75,417.50 incurred while petitioner's counsel worked at the Lommen Abdo Law Firm, and $23,656.19 that she incurred while at the Larkin Hoffman Law Firm. *Id.*

[6] This number reflects the $25,236.42 in the updated list of expenses from Lommen Abdo attached to petitioners' status report, in addition to the $26.19 documented as her expenses from Larkin Hoffman in her amended motion. *See* Status Report, Exhibit A at 17; *see also* Am. Motion at 2.

3

In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The special master may reduce a request *sua sponte,* apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

### i. Reasonable Hourly Rates

Petitioners request compensation for their attorneys, Ms. Kate Westad and Ms. Sheila Bjorklund. Status Report at Exhibit A, 1-11, 17. In addition to their attorneys, petitioners also request compensation for work performed on their case by paralegals. *Id.*

Petitioners request the following hourly rates for their counsel[7]:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| Kate Westad | -- | -- | -- | $275 $350 | $350 | $350 |
| Sheila Bjorklund | $350 | $350 | $350 | -- | -- | -- |
| Paralegals | $125 | $125 | $125 | $125 | $125 | $125 |

Petitioners' counsel has not provided in her original motion, her amended motion, or her status report any information regarding her or Ms. Bjorklund's experience or why they should be awarded the rates requested. Petitioners' counsel is reminded that according to the Vaccine Guidelines, she should include with her motion an affidavit that includes "information about the petitioning attorney (e.g., the year of graduation from law school, length of practice, specialties of practice, customary billing practices, and history of hourly rates charged) and a statement that the attached report of hours and costs expended is accurate."[8] Further, "[s]imilar information concerning other persons whose time is being billed should be provided."[9]

---

[7] *See* Status Report at Exhibit A, 1-11, 17; *see also* Am. Motion at Exhibit D.

[8] *See Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 68 (revised April 21, 2016) found at www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf (Section X, Chapter 3, Part B(1)(a)).

[9] *Id.*

According to information provided on Lommen Abdo's website, Ms. Bjorklund has 24 years of experience practicing law, as she was licensed in 1993.[10]  She also has several years of experience bringing vaccine cases in this Program. I therefore find her requested rate of $350.00 per hour to be reasonable and will award it in full.

Other special masters have previously found Ms. Westad's requested rates to be reasonable. *Marsyla v. Sec'y of Health & Human Servs.*, No. 15-1172V, 2016 WL 8253021 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); *Larson v. Sec'y of Health & Human Servs.*, No. 15-1077V, 2016 WL 5799218 (Fed. Cl. Spec. Mstr. Jul. 15, 2016).   I will keep in accord with my colleagues and award Ms. Westad's requested rates in full.

### ii.     Reasonable Hours Expended

The second factor in the lodestar formula is a reasonable number hours expended. Reasonable hours are not excessive, redundant, or otherwise unnecessary. *See Shorkey v. Sec'y of Health & Human Servs.*, No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); *Saxton*, 3 F.3d 1517, 1521.  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

It is "well within the special master's discretion to reduce the hours to a number that, in [his] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

I have reviewed the billing records submitted with petitioners' motion and subsequent filings.  As I noted in a previous order, counsel's motion included various filing deficiencies which necessitated excessive work by me and my law clerk to try to determine what should have been made clear in the original motion or even the amended motion. *See* Order dated July 31, 2017 (ECF No. 99). As noted in that order, counsel will not be compensated for the 10.8 hours of time to prepare her deficient motion, nor will she be compensated for the 7.9 hours of time to prepare an amended motion that still had multiple issues, such as the inclusion of expenses not related to this case and the absence of adequate invoices for related expenses, **resulting in a reduction of $5,870.00**.[11]

---

[10] *See* Sheila A. Bjorklund (Of Counsel), accessed at http://www.lommen.com/professionals/sheila-a-bjorklund-of-counsel/.  Last accessed December 14, 2017.

[11] 10.8 hours of attorney time billed for preparing the original motion X $350.00 = $3,780.00.
4.9 hours of attorney time billed for preparing the amended motion X $350.00 = $1,715.00.
3.0 hours of paralegal time billed for preparing the amended motion X $125.00 = $375.00.

Petitioners' counsel is advised that her motions should follow the Guidelines for Practice under the National Vaccine Injury Compensation Program. In order to be compensated for attorneys' fees and costs, petitioners need to demonstrate that their fees and costs are reasonable and related to the case at hand. Inadequate motions and supporting documentation greatly increase the time and effort needed to review the motion, which in turn increases the amount of time before counsel can receive compensation.

In her original motion, petitioners' counsel block-billed in increments of five or more hours at a time, and in some instances of more than ten hours at a time.[12] I directed counsel to break her block-billed hours into smaller increments and to provide detail for the work performed during those hours. Many of the block-billed hours were eliminated in her amended motion, but several still remained.[13] Block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *Broekelschen*, 102 Fed. Cl. 719, 729 (reducing petitioner's attorneys' fees and criticizing her for block-billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Human Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's *Guidelines for Practice* state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[14] Counsel is cautioned that block-billed time may not be compensated in her future motions for attorneys' fees, and she should avoid lumping large of amounts of time together without adequate detail as to the specific tasks performed.

Petitioners' counsel also billed 15.40 hours spent traveling at a full hourly rate.[15] The Vaccine Program routinely compensates at half a normal rate for time spent traveling. *See Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). I will accordingly reduce counsel's rate by half for the time she spent traveling, **resulting in a reduction of $2,126.25**.[16]

---

[12] *See* Motion, Exhibit A at 2, 7, 9-10.

[13] *See* Am. Motion, Exhibit C at 2, 10-11.

[14] *Guidelines for Practice* at 68 (revised April 21, 2016) found at www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf (Section X, Chapter 3, Part B(1)(b)).

[15] *See* Am. Motion, Exhibit C at 10-11.

[16] 15.40 hours x $350.00 per hour = $4,252.50. Divided in half = $2,126.25.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Petitioners request a total of $25,262.61 in reimbursement for expenses incurred by their counsel. The majority of these expenses are related to expert fees and costs, collecting medical records, filing the claim, and travel expenses incurred by petitioners' counsel and expert. *See generally* Status Report, Exhibit A at 11-17; *see also* Am. Mot., Exhibit D at 3. I have reviewed the submitted costs and find them overall to be reasonable, with some exceptions.

### i. Counsel's Travel Expenses

In their original motion, petitioners requested reimbursement for their counsel's travel expenses, including flights to and from Washington, D.C. and New York, hotel expenses, and various other travel-related expenses, but they did not submit any supporting documentation for these expenses. I asked petitioners to file any receipts or invoices that documented their travel expenses, and many of the requested invoices were included in their amended motion, but several of the documents were simply counsel's bank statements confirming that she did in fact pay the amount she stated. Other special masters have declined to compensate for costs that were not adequately documented. *See Sabella*, 86 Fed. Cl. 201 at *225-26; *Brown v. Sec'y of Health & Human Servs.*, No. 09-426V, 2012 WL 952263 (Feb. 29, 2012); *Stone v. Sec'y of Health & Human Servs.*, No. 04-1041V, 2010 WL 3790297 (Sep. 9, 2010). I will reimburse the requested expenses for this motion, but counsel is cautioned that I will not reimburse expenses without adequate supporting documentation in the future.

Petitioners requested compensation for their counsel's travel expenses on three separate trips. Petitioners first requested reimbursement for their counsel's airfare to New York on August 28, 2015, as well as airport parking and a rental car. Petitioners have provided no additional information regarding this trip in any of their filings, but I assume counsel was visiting her clients and I will thus reimburse the expenses related to this trip. Petitioners' counsel is advised that she should provide details regarding the purpose of her travel in future motions, so as to expedite the review of her submitted expenses.

Petitioners also requested compensation for their counsel's airfare, hotel expenses, meals, baggage fees, and ground transportation from September 16-17, 2015, in relation to the hearing held on September 17, 2015, in Washington, D.C. There was some confusion regarding the dates of her stay and the specific hotel in which she stayed, which was not clarified even after I provided petitioners' counsel the opportunity to file an amended motion. I directed counsel to submit the actual invoices from her hotel stays, and she was finally able to produce an invoice from the Sofitel in her subsequent status report. *See* Status Report, Exhibit B. In that status report, petitioners' counsel also identified $83.48 in unrelated charges she incurred for snacks and movies during her stay at the Sofitel. *Id.* at 2. She withdrew those charges from her request and submitted an updated billing log reflecting that change. *Id.* at Exhibit A. Petitioners' counsel further explained that she reserved the hotel room through September 19, 2015, but changed her reservation to end early, on September 17, 2015, because the hearing concluded after one day instead of continuing into a second day as anticipated. *Id.* at 3. She incurred no charge for re-booking her flight, but the hotel

7

charged $275.00 for the change in her reservation. *Id*. As this is less than the $495.00 charged for each night at the hotel, I will award these expenses.

In both their original and amended motions, petitioners requested reimbursement of their counsel's travel expenses related to a trip to Washington, D.C. from September 22-25, 2015, five days after the conclusion of the hearing. Petitioners requested reimbursement for $1,130.20 in round-trip airfare and $1,312.91[17] in hotel expenses related to this trip. Petitioners provided no explanation in either their original motion or their amended motion for why this seemingly unrelated travel should be compensated. I therefore directed petitioners' counsel to submit invoices for this trip and an explanation regarding the relevancy of this trip to the case. In her subsequent status report, petitioners' counsel clarified that these charges were for her trip to Washington, D.C. to attend the Court of Federal Claims Conference and VIP Bar Conference, both of which are unrelated to this case. Status Report at 2. She explained that these charges were included in her motions in error and removed them from the total request in her updated billing log. *Id*.

I have reviewed the remainder of counsel's submitted travel expenses and find them to be reasonable. I will thus award them in full.

### ii. Expert's Travel Expenses

In addition to their counsel's travel expenses, petitioners also requested reimbursement for travel expenses incurred by their expert. In their original motion, petitioners requested compensation for their expert's travel expenses totaling $3,814.78, with no further explanation of the specific expenses incurred. Motion, Exhibit A at 16. I asked petitioners to file invoices and receipts that detailed the expenses incurred. In their amended motion, the amount requested increased to $6,182.50,[18] which included expenses for airfare, lodging, meals, rental cars, and taxis while attending the hearing. Upon reviewing the submitted invoices, I expressed concern that some of the charges seemed excessive. Order dated December 7, 2017. For example, petitioners requested reimbursement for a $3,814.78 round-trip flight from Germany, as well as $141.61 for a rental car for a one-way trip to the airport, which both seemed excessive on their face. Am. Motion at 2. Counsel was ordered to provide explanations for these charges and any other supporting documentation to explain their reasonableness. In her subsequent status report, petitioners' counsel opined that the seemingly excessive airfare was due to the Pope visiting Washington, D.C. during the same dates as the hearing, which artificially inflated the airfare, and she explained that the rental car was necessary because petitioners' expert did not live close to the airport and did not have other public transportation options to travel there. Status Report at 3. I will award these and the other travel expenses incurred by petitioners' expert, but I note that they overall border on the excessive.

---

[17] In their original motion, petitioners requested $1,312.93 in reimbursement for hotel expenses related to this trip. Motion, Exhibit A at 15. In their amended motion, they requested $1,312.91 for this expense. Am. Motion at 1.

[18] *See* Am. Motion at 2. The additional $2,367.72 in expert travel expenses was included in the $8,417.72 billed as an expert review fee in both of petitioners' motions. Motion, Exhibit A at 16; Am. Motion, Exhibit C at 17. Thus, though this represents an increase in the expert travel expenses, it does not result in an increase to petitioners' total request for costs.

8

Petitioners also requested reimbursement for the "re-booking" of their expert's flight, which was an additional $1,015.00 charge. Am. Motion at 2; Am. Motion, Exhibit B at 4. Like their counsel, petitioners' expert also changed his travel arrangements when the hearing concluded after only one day. Status Report at 3. However, after reviewing the invoice, it appears that petitioners' expert simply booked another flight with a fare of $1,015.00, which was charged in addition to the original and un-refunded $3,814.78 round-trip airfare. *See* Am. Motion, Exhibit B at 8. As this seems like an excessive expense on its face and petitioners have not provided an explanation for charging a third flight in addition to the round-trip airfare for which they are also requesting reimbursement, I will not award reimbursement for this flight, **resulting in a reduction of $1,015.00**.

### iii. Petitioners' Out-of-Pocket Expenses

Petitioners also requested compensation for $630.00 for their own stay in a short-term apartment rental for three nights during the hearing. Motion, Exhibit C at 1-4. I have reviewed the invoice submitted with this request and find it reasonable. I will thus award petitioners' out-of-pocket expenses in full.

## II. Total Award Summary

Based on the foregoing, I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---|
| Requested attorneys' fees | $99,047.50 |
|     Reduction for time spent on fee motions | - $5,870.00 |
|     Travel time reduction | - $2,126.25 |
| **Attorneys' Fees Awarded** | **$91,051.25** |

**Costs**

| | |
|---|---|
| Requested costs | $25,262.61 |
|     Re-booking fee reduction | -$1,015.00 |
| **Costs Awarded** | **$24,247.61** |

| | |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | **$115,298.86** |
| **Petitioners' Costs Awarded** | **$630.00** |

**Accordingly, I award the following, recognizing that fees and costs were split between the two law firms at which petitioners' counsel worked during the pendency of this case [19]:**

1) **A lump sum in the amount of $97,512.67, representing $73,291.25 as reimbursement for attorneys' fees and $24,221.42 as reimbursement for costs, in the form of a check payable to petitioner and petitioners' counsel's former law firm, Lommen Abdo, P.A.;**

2) **A lump sum in the amount of $17,786.19, representing $17,760.00 as reimbursement for attorneys' fees and $26.19 as reimbursement for costs, in the form of a check payable to petitioner and petitioners' counsel's current law firm, Larkin Hoffman Law Firm; and**

3) **A lump sum in the amount of $630.00, representing reimbursement for petitioners' out-of-pocket costs, in the form of a check payable to petitioners, Grzegorz Rus and Agnieszka Rus, as parents and natural guardians of A.R.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[20]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[19] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by an attorney against the petitioner, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[20] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.